(No. 3545— )

JULIUS MALLERGREN AND JOHN MALLERGREN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

THOMAS P. REEP, for claimants.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Fisher, J.

Complaint was filed October 23, 1940, alleging that claimants on the 19th day of July, 1939, paid to the Illinois Liquor Control Commission the sum of Fifty Dollars ($50.00) in payment of a retail distributors beer license for the period 1939-1940; that they also paid for and secured an Illinois wholesale distributors license for the same period; and further that an amendment to the State Liquor Laws no longer made it necessary to have a retail dealers distributor license in addition to the wholesale distributors license to sell beer at retail prices to private homes.

Claimants request that the Fifty Dollars ($50.00) paid to the Illinois Liquor Control Commission in payment of retail distributors beer license for the period 1939-1940, and not required by the Illinois Liquor Control Commission, be returned to them.

Respondent has filed a motion to dismiss the claim on several grounds; that the complaint does not set forth a claim which the State of Illinois as a sovereign commonwealth should discharge and pay in that claimant seeks an award representing the refund covering license fees for the period 1939-1940, during which period of time the law providing for such license was changed; that an award should not be made solely on the grounds of equity and good conscience; that the complaint does not comply with Rules 4(a), 5(a), 5(b) and 6(b) of the Court of Claims. The contention of the respondent is correct in that complaint fails to comply with said rules, but as claimants may wish to amend their complaint in this respect, it is necessary to consider the remaining grounds of respondent's motion.

The same questions involved in the case at bar were presented in Val W. Steil and Matt E. Benz, doing business as *Aurora Beverage Co., claimant, vs. State of Illinois, respondent,* No. 3528, and *Claude Bowen, claimant, vs. State of Illi-*

*nois, respondent,* No. 3530, and for the reasons therein stated the claim cannot be allowed.

Respondent's .motion to dismiss is therefore sustained, and claimants given thirty days in which to amend their complaint; and in the event claimants decline or fail to so amend, this order dismissing the claim shall become final.